**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION**

**ERIC ELLIOTT,**                                      CASE NO. 3:25 CV 1750

      Plaintiff,

      v.                                      JUDGE JAMES R. KNEPP II

**UNUM LIFE INSURANCE
COMPANY OF AMERICA, et al.,**

      Defendants.                               **MEMORANDUM OPINION AND
ORDER**

 

*Pro se* Plaintiff Eric Elliott filed this action on August 22, 2025, against UNUM Life Insurance Company of America ("UNUM") and others (Brown & Brown, Vontier Corporation, and Vontier Corporation Long-Term Disability Plan) (collectively, "Defendants"), alleging Defendants violated provisions of the Employee Retirement Income Security Act of 1974 ("ERISA") with respect to the determination of his long-term disability benefits. He alleges UNUM sent him a letter informing him that his long-term disability benefits will be subjected to an estimated social security disability ("SSDI") benefit off-set, which he contends violates ERISA. (Doc. 2, at 1); *see also* Doc. 5-4. He seeks injunctive, declaratory, and monetary relief, including an order that Defendants be enjoined from "enforcing unlawful SSDI offsets and requir[ing] payment of all withheld benefits." (Doc. 2, at 2).

In addition to a Complaint (Doc. 1) and an Amended Complaint (Doc. 2), Plaintiff filed a Motion for a Temporary Restraining Order ("TRO"), seeking to "enjoin[] Defendants from applying any SSDI offset" to his long-term disability benefits until he has exhausted all appeals regarding his social security disability benefits (Doc. 5, at 3). He also filed a Motion for "Accommodations" in the case, citing the Americans with Disabilities Act ("ADA"). (Doc. 4).

Therein, he requests that he be permitted to "use AI-cognitive assistance tools (*e.g.* ChatGPT or similar) for real-time drafting, summarizing, and comprehension of legal materials[,]" and that he receive "[e]xtended deadlines for filings and responses to account for cognitive processing limitations and fatigue" and "[w]ritten, clearly formatted communications from the Court and opposing parties to reduce cognitive load and misunderstanding." *Id.* at 2.

For the reasons set forth below, Plaintiff's pending motions are both denied.

First, although *pro se* pleadings are entitled to liberal construction and held to less stringent standards than formal pleadings prepared by lawyers, *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011), *pro se* litigants in federal court must still adhere to the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). "[N]on-prisoner *pro se* litigants are treated no differently than litigants who choose representation by attorneys." *Bass v. Wendy's of Downtown, Inc.*, 526 F. App'x 599, 601 (6th Cir. 2013); *see also McKinnie v. Roadway Express, Inc.*, 341 F.3d 554, 558 (6th Cir. 2003) ("[o]rdinary civil litigants proceeding *pro se* . . . are not entitled to special treatment"). The Court finds Plaintiff is not entitled to a blanket ruling as to the broad accommodations he requests, which pertain to basic requirements and procedures in federal court. To the extent Plaintiff wishes to seek extensions of time or other rulings permitted by the Federal Rules of Civil Procedure, he may do so in the context of the ongoing case. Plaintiff's motion for accommodations (Doc. 4), will therefore be denied.

Second, a TRO is an "extraordinary and drastic remedy" and should "only be awarded upon a clear showing that the plaintiff is entitled to such relief[.]" *S. Glazer's Distribs. of Ohio, LLC v. Great Lakes Brewing Co.*, 860 F.3d 844, 848-49 (6th Cir. 2017) (citations omitted). Pursuant to Federal Rule of Civil Procedure 65(b)(1)(A), a court may issue a TRO without written or oral notice to the adverse party or its attorney only if the plaintiff shows "specific facts in an

affidavit or a verified complaint clearly show[ing] that immediate and irreparable injury, loss, or damage will result to the movant[.]" Courts consider four factors in determining whether to grant or deny a temporary restraining order: (1) the movant's likelihood of success on the merits; (2) whether the movant will suffer irreparable injury without an injunction; (3) whether granting the injunction would cause substantial harm to others; and (4) whether the public interest would be served by granting the injunction. *McNeilly v. Land*, 684 F.3d 611, 615 (6th Cir. 2012).

Plaintiff has not demonstrated entitlement to the extraordinary remedy of a TRO. The Court cannot conclude on the basis of Plaintiff's allegations alone that he is likely to succeed on the merits of his ERISA claims. Nor does the Court find that Plaintiff has demonstrated irreparable injury. To demonstrate irreparable harm for purposes of a preliminary injunction, a plaintiff must allege harm that is both certain and immediate, rather than speculative or theoretical, and economic losses that can be cured with money damages do not constitute irreparable harm. *See, e.g.*, *Dayton Area Chamber of Com. v. Becerra*, 696 F. Supp. 3d 440, 458-59 (S.D. Ohio 2023). Plaintiff does not allege that his long-term disability benefits have yet been reduced in the illegal manner he asserts, so he has not alleged harm that is both certain and immediate. Further, his Complaint and Amended Complaint describe economic harm, which he has not persuasively demonstrated cannot be cured with monetary damages should he prove Defendants violated ERISA and that is he is entitled to greater long-term disability benefits than he has been provided.

## CONCLUSION

For the foregoing reasons, good cause appearing, it is

ORDERED that Plaintiff's Motion for a Temporary Restraining Order (Doc. 5) be, and the same hereby is, DENIED; and it is

FURTHER ORDERED that Plaintiff's Motion for Accommodations under the Americans with Disabilities Act (Doc. 4), be and the same hereby is, DENIED; and it is

FURTHER ORDERED that Plaintiff shall include a copy of this Order with the documents to be served on Defendants in the case under Rule 4 of the Federal Rules of Civil Procedure.

s/ *James R. Knepp II*
UNITED STATES DISTRICT JUDGE

Dated: August 28, 2025